IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Odom, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:3:07-00343-PMD-JRM |
| | ) | |
| | ) | |
| Jon Ozmint, Director; Mary Brown, Clerk; | ) | |
| Kerrie Specht, Parole Officer; Ralph | ) | |
| Hunter, D.H.O.; Mr. Steven, Case Worker; | ) | **ORDER** |
| Mrs. Laverette; Mr. Hallman; | ) | |
| and S.C.D.C. Insurance Policy Holder, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon United States Magistrate Judge Joseph McCrorey's recommendation that Plaintiff Christopher Odom's ("Plaintiff" or "Odom") suit brought pursuant to 42 U.S.C. § 1983 be dismissed as to Defendant S.C.D.C. Insurance Policy Holder without service of process and without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Report and Recommendation ("R&R") of the Magistrate Judge contained within the Record was made in accordance with 28 U.S.C. § 636(b)(1)(B). If dissatisfied, a party may submit a written objection to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Odom filed a timely objection to the R&R.

### I.  BACKGROUND

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915, *in forma pauperis*. Plaintiff is no longer a prisoner and is seeking damages for an alleged violation of his Fourth Amendment liberty interest. Odom complains about the execution of his sentence, claiming he was kept in jail longer than the nine years to which he was

1

sentenced.

By order dated February 27, 2007, Plaintiff was given a specific time frame in which to bring this case into proper form.  Plaintiff partially complied with the Magistrate Judge's order.  Then by an order dated April 5, 2007, Plaintiff was given an additional twenty days to provide information for service of process on Defendants Brown, Specht, Hunter, Steven, Laverette, Hallman, and S.C.D.C. Insurance Policy Holder.  Furthermore, that Order stated, "**If Plaintiff does not bring this case into proper form within the time permitted under this Order, this case will be recommended for dismissal for failure to prosecute.**"  (*See* April 5, 2007 Order at 1.)  In an R&R dated May 17, 2007, the Magistrate Judge stated that Plaintiff has now offered information necessary to identify all defendants except S.C.D.C. Insurance Policy Holder.  Therefore, since this case is still not in proper form with respect to S.C.D.C. Insurance Policy Holder, the Magistrate Judge recommends that the complaint be dismissed against Defendant S.C.D.C. Insurance Policy Holder.

## II.  STANDARD OF REVIEW

The Magistrate Judge only makes a recommendation to the Court.  This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report.  28 U.S.C. §636(b)(1).  From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R, in whole or in part.  28 U.S.C. §636(b)(1).  Additionally, the court may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. §636(b)(1).  After

reviewing the entire record, the R&R, and Plaintiff's objection, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Therefore, the court is adopting the R&R in full and specifically incorporating it into this Order.

### III.  DISCUSSION

Title 42, United States Code, Section 1983 states, in part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Therefore, under this action, a claim may be raised by an individual against "a willful participant in joint action with the State or its agents" including but not limited to "[p]rivate persons, jointly engaged with state officials in the challenged action," but § 1983 does not "require that the defendant be an officer of the State." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). Thus, this statute was created to prevent state actors from "'using the badge of their authority to deprive individuals of their federally guaranteed rights' and to provide related relief." *Richardson v. McKnight*, 521 U.S. 399, 403 (1997) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

The Magistrate Judge, in his R&R, recommended Plaintiff's complaint against Defendant S.C.D.C. Insurance Policy Holder be dismissed as Plaintiff still failed to properly identify

Defendant S.C.D.C. Insurance Policy Holder. (R&R at 3.) Indeed, as the Magistrate Judge stated, Plaintiff failed to identify Defendant S.C.D.C. Insurance Policy Holder by not including a summons that identified that specific defendant. (R&R at 2.) However, Plaintiff objects that he did state a defendant when he claimed violations by S.C.D.C. Insurance Policy Holder. In his objection, Plaintiff stated that the court was "not specific about the plaintiff spelling out the abbreviation S.C.D.C." (Objection at 1.) However, nothing in the record indicates the court sought an explanation for the abbreviation "S.C.D.C." Instead, the court asked Plaintiff to provide "summonses and Forms USM 285 that included a name and address to properly identify each Defendant." (R&R at 2.) By May 17, 2007, the date on which the R&R was filed, Plaintiff had returned Forms USM 285 for Defendants Ozmint, Brown, Laverette, Steven, Hallman, Hunter, and Specht, so it can be inferred that Plaintiff did understand that the summonses and forms were necessary in order for Defendants to be served by United States Marshals Service. (R&R at 2.)

Since *pro se* litigants' complaints are not held to the same stringent pleading requirements that are required of those complaints drafted by licensed attorneys, the complaints of such litigants must be read more liberally "however inartfully pleaded." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In an effort to define how liberally the court is to read a *pro se* litigant's complaint, the Tenth Circuit states that if the court can "reasonably read" the plaintiff's pleadings to state a cause of action, the court should read it as such despite the plaintiff's failure "to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

4

*pro se* complaint may still be subject to dismissal after "the district court [has] afford[ed] him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise[d] him how to proceed and direct[ed] or permit[ted] amendment of the pleadings to bring that person or persons before the court." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Plaintiff was afforded that opportunity by the Magistrate Judge in regard to Defendant S.C.D.C. Insurance Policy Holder because he was given two different extensions of time to bring his case into proper form, and even in his objections, he has not identified Defendant S.C.D.C. Insurance Policy Holder in a satisfactory way.

Under Rule 4(c)(2) of the Federal Rules of Civil Procedure, the court must direct that service of process be effected by a United States marshal when the plaintiff is "authorized to proceed in forma pauperis pursuant to 28 U.S.C. §1915." Fed. R. Civ. P. 4(c)(2). However, Plaintiff must have provided "sufficient information to identify the defendant." *Greene v. Holloway*, 210 F.3d 361, *1 (4th Cir. 2000) (unpublished table decision) (emphasis omitted) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). If the defendant could have been "located with reasonable effort," the Marshals Service's "failure to complete service will constitute good cause [to extend the time for service] under Fed. R. Civ. P. 4(m)." *Id.* Thus, the Marshals Service is required to "expend a reasonable investigative effort to locate a [d]efendant once he is properly identified." *Lucas v. Eagleton*, No. C.A.0:05 2007 TLW BM, 2006 WL 1663810, at *2 (D.S.C. June 8, 2006) (emphasis omitted) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963)).

Since Plaintiff was unable to identify Defendant S.C.D.C. Insurance Policy Holder, the United States Marshals Service was unable to begin its investigative effort to locate that

defendant. Therefore, since Plaintiff has been afforded a reasonable opportunity (approximately three months) to properly identify Defendant S.C.D.C. Insurance Policy Holder, the court agrees with the Magistrate Judge's recommendation of dismissal of the complaint as to Defendant S.C.D.C. Insurance Policy Holder without service of process and without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.[1]

## **CONCLUSION**

For the aforementioned reasons, the court **ORDERS** the dismissal of the complaint as to Defendant S.C.D.C. Insurance Policy Holder without service of process and without prejudice.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 6, 2007**

---

[1] If Plaintiff is subsequently able to identify the defendant, he may file a Motion to Alter or Amend Complaint. *See* Fed. R. Civ. P. 15; *see also Crago v. Capital Advantage Fin. & Dev., Inc.*, —F.R.D.—, 2007 WL 1454880 (D.S.C. 2007).