# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTOPHER ODOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 3:07-0343-PMD-JRM |
| v. ) | |
| ) | |
| JON OZMINT, Director; MARY BROWN, ) | **ORDER** |
| Clerk; KERRIE SPECHT, Parole Officer; ) | |
| RALPH HUNTER, D.H.O.; MR. STEVEN, ) | |
| Case Worker; MRS. LAVARETTE; and ) | |
| MR. HALLMAN, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Christopher Odom ("Plaintiff"), formerly an inmate at Kirkland Correctional Institution ("KCI") and Wateree Correctional Institution ("WCI"), filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants filed a Motion for Summary Judgment. The record contains the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636 (b)(1)(B), which recommends that Defendants' Motion for Summary Judgment be granted. A party may object, in writing, to a Report and Recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff filed timely objections to the Magistrate Judge's Recommendations. For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

## BACKGROUND

On February 2, 2007, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Jon Ozmint ("Ozmint"), Director of the South Carolina Department of Corrections ("SCDC"), Mary Brown ("Brown"), a court clerk, Kerrie Specht ("Specht"), Plaintiff's former parole officer, Ralph Hunter

("Hunter"), a Disciplinary Hearing Officer, and "Mr. Steven," "Mrs. Lavarette," and "Mr. Hallman," former case workers of Plaintiff's.

In August 1998, Plaintiff was convicted of shoplifting charges in Charleston County and sentenced to nine years of incarceration. In April 2001, Plaintiff was paroled. However, Plaintiff was shortly thereafter caught violating his parole, and he was once again incarcerated in September 2004 for the remainder of his sentence. Plaintiff was released from SCDC custody on August 1, 2006, and is no longer incarcerated.

Plaintiff alleges that at numerous points during his various periods of incarceration and parole, Defendants were responsible for miscalculating the relevant dates of his sentence, which resulted in him being wrongfully imprisoned past the date upon which he should have been released from SCDC custody. Plaintiff filed for relief under 42 U.S.C. § 1983, seeking monetary damages.

On October 25, 2007, Defendants filed a Motion for Summary Judgment as to Plaintiff's § 1983 claim, asserting a number of legal grounds on which they claim Plaintiff's claims fail as a matter of law. On October 30, the Magistrate Judge issued a *Roseboro* Order informing Plaintiff that he had 34 days in which to respond to Defendants' Motion. Plaintiff had yet to respond on January 3, 2008, when the Magistrate Judge issued another Order notifying Plaintiff that if he did not file a response within fifteen days, his case would be dismissed for failure to prosecute. On January 23, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. On August 4, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this court grant Defendants' Motion for Summary Judgment. On August 22, Plaintiff filed a timely Objection to the Magistrate Judge's R&R.

**THE MAGISTRATE JUDGE'S R&R**

The Magistrate Judge's R&R recommended to this court that Defendants' Motion for Summary Judgment be granted on numerous grounds. The R&R recommended that this court should find that:

> (1) Since Defendants were being sued in their official capacities, they were immune from monetary liability under the Eleventh Amendment, (R&R at 3-4);
>
> (2) Plaintiff had failed to provide any evidence whatsoever that any of the Defendants violated clearly established statutory or constitutional rights, and thus all Defendants were also entitled to qualified immunity from monetary damages, *id.* at 4-8;
>
> (3) Defendant Ozmint, who never had any direct interaction with Plaintiff, was not liable for any of Plaintiff's allegations under the doctrine of *respondeat superior*, *id.* at 8-9; and
>
> (4) Although it is unclear whether Plaintiff actually alleged any state law causes of action or not, if he did, any such claims should be dismissed for lack of jurisdiction, *id.* at 9.

**STANDARD OF REVIEW**

**I.   Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge

summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

## II.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## **OBJECTIONS**

In his Objections, Plaintiff makes only two specific objections to the Magistrate Judge's R&R. First, Plaintiff asserts that his shoplifting conviction and sentence were unconstitutional.

While Plaintiff fails to specify exactly which constitutional rights were allegedly violated by his conviction and sentence, there is no doubt that what he is actually challenging in this Objection is the fact that he was convicted and sentenced. Section 1983 provides no cause of action for such a claim, and any challenge to the validity of his confinement is only actionable by filing a petition for a writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that where the success of a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence). Accordingly, since Plaintiff has not filed a petition for habeas relief or engaged in a state action which invalidates his conviction or sentence, he is entitled to no relief on this Objection under § 1983.

  The court next turns to Plaintiff's second specific Objection. In his Objections, Plaintiff then goes on to simply and briefly restate the allegations against each of the Defendants which he made in his original Complaint. (Objections at 1-2.) At no point in his Objections does Plaintiff address the specific legal conclusions and recommendations of the Magistrate Judge. In the absence of specific objections to the R&R, this court is not required to give any explanation for adopting the recommendations of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Here, since Plaintiff merely uses his "Objections" to restate the allegations he made in his Complaint and does not at all address the Magistrate Judge's recommendations to this court that all Defendants are entitled to Eleventh Amendment immunity and qualified immunity, this court accepts those

recommendations as its holding without further discussion.

In this case, Plaintiff seeks only monetary damages from Defendants. Since all Defendants are immune from monetary damages in the present case, Plaintiff's claims therefore fail as a matter of law. Accordingly, the court finds that Defendants' Motion for Summary Judgment should be granted.

## **CONCLUSION**

For the foregoing reasons, the court adopts in full the recommendation of the Magistrate Judge and **ORDERS** that Defendants' Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 11, 2008.**

6